**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Terrance Kiontay Nance; Targeted Justice, Inc.; Cosmic Clarity Connections LLC; and Cathy Meadows, *Plaintiffs* | §<br>§<br>§<br>§<br>§ | |
| v. | § | **Case No. 1:26-cv-00102-RP-SH** |
| United States Department of Defense, *et al.*, *Defendants* | §<br>§<br>§ | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Terrance Kiontay Nance's[1] Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Preliminary Injunction (Dkt. 3), all filed January 15, 2026.[2]

## I.   Application to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

---

[1] Nance names three additional plaintiffs and states that they are proceeding *pro se*, but because only he signed the complaint, application, and motion, the Court refers to Nance as "Plaintiff."

[2] The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Nance's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Nance *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Nance at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Frivolousness Review Under Section 1915(e)

Because Nance has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under § 1915(e)(2). A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

The Court liberally construes complaints in favor of plaintiffs who, like Nance, proceed *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Nance names as Defendants 43 public and private entities, including, for example, the Department of Defense, National Aeronautics and Space Administration, North Atlantic Treaty Organization, Los Alamos National Laboratory, and Boeing. Dkt. 1-4. He alleges that Defendants "engaged in unlawful surveillance, experimentation, and targeting activities against Plaintiffs, causing physical, psychological, economic, and constitutional injuries." Dkt. 1 at 2. Nance submits purported analyses of radio frequency emissions from his body in Exhibit A to his complaint (Dkt. 1-3), and states that all Defendants are named "based on explicit reference in RF frequency analysis, telemetry band allocation research, or documented operational relevance within Exhibit A." Dkt. 1-4 at 3. The court finds Nance's allegations so implausible as to be frivolous. *See, e.g.*, *Atakapa Indian*, 943 F.3d at 1005 (affirming dismissal as frivolous of claims alleging defendants had, "among other misdeeds, monopolized 'intergalactic foreign trade'").

Before a court dismisses a *pro se* complaint, the court often gives the plaintiff notice of the complaint's deficiencies and an opportunity to amend. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Dismissal may be appropriate without an opportunity to amend, however, when amendment is futile because "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Id.* at 9 n.5 (quoting *Neitzke*, 490 U.S. at 327-28). Because Nance's complaint is based on "'fantastic or delusional scenarios,'" the court finds that it is subject to dismissal without providing an opportunity to amend. *Id.*

3

### III.    Order

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint with prejudice under 28 U.S.C. § 1915(e) and **DENY** Plaintiff's Motion for Preliminary Injunction (Dkt. 3).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 24, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4